PETER T PAPOULIAS TRUST
c/o Trustee PETER T PAPOULIAS
4175 Breckenridge Court
Alpharetta, Georgia 30005
Tel:404-704-0898
peterpapoulias@hotmail.com

ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 2 4 2013

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION



| | |
|---|---|
| PETER T PAPOULIAS TRUST<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES, & IRS<br><br>Defendant(s), | Case # 1:13-CV-2110<br><br>VERIFIED COMPLAINT |

## VERIFIED COMPLAINT

Comes now plaintiff Peter Papoulias, real party in interest and grantor/beneficiary of the PETER T PAPOULIAS TRUST, for his causes of action against UNITED STATES, et al., states and alleges as follows:

**INTRODUCTION:**

1. This action for an order for relief and for damages due to the negligent actions by the defendant(s).

2. The Defendant(s) agents acting in the course and scope of their employment at INTERNAL REVENUE SERVICE through their acts and omissions knowingly, consciously, wrongly, without compensation and without due process of law have effected a taking of property from the Plaintiff.

**JURISDICTION AND VENUE:**

3. This action for relief and damages is predicated on the provisions of the Constitution and Statutes of the United States, the legal and equitable jurisdiction of this Court, the principles of common law, and this Court's concurrent and pendant jurisdiction.

4. This Court has jurisdiction over the Plaintiffs' claims under Article III of the United States Constitution and the Fifth Amendment thereto. This Court has jurisdiction over Plaintiffs' property rights under the foregoing citations and, in addition, pursuant to 28 USC §§1331, 1343, 26 USC 7433, Memorandum of Law in Support of Plaintiff's Verified Complaint, and the case law stated herein.

5. Venue is proper in this Court under Title 28 U.S.C. §1391(b) (2). The substantial part of the property, and the acts related to such property subject to Plaintiffs' claims, occurred or was situated in this Northern District of Georgia, Atlanta Division at all times relevant.

**THE PARTIES:**

6. Plaintiff, affiant, PETER T PAPOULIAS TRUST is a District of Columbia business trust organization (Federal Tax #42-6676616) having its principal place of business in Alpharetta, Georgia at 4175 Breckenridge Court, Alpharetta, Georgia, 30005.

7. Defendant(s) agent (IRS) is a U.S. corporation. The commercial offices involved in this action are located at the following addresses: Ogden, Utah, and Cincinnati, Ohio.

**FACTUAL CONTENTIONS APPLICABLE TO ALL CAUSES OF ACTION:**

8. The nature of Plaintiff's claim for the return of the withholdings held are stipulated in attached memorandum of law on bank deposits.

9. On March 30, 2010, tax return for the calendar year 2006 was mailed via certified mail # 7009 3410 0000 9589 2997, and 7009 3410 0000 9589 2980 to Internal Revenue. See attached exhibit "A", along with tax returns for calendar years 2007, 2008, And 2009.

10. The Defendant(s) agent (IRS) sent Plaintiff a notice CP133 dated December 27, 2010, attached exhibit "B" indicating that the Plaintiff's tax return for calendar year 2006 had been processed and that the Plaintiff was entitled to the revenue of the withholdings claimed on Plaintiff's tax return.

2

11. The Plaintiff received a letter 105C dated June 22, 2011 from Defendant, see attached Exhibit "C", indicating that the Plaintiff's claim was denied as the tax return for 2006 was filed after the April 15, 2010 deadline.

12. The Plaintiff has already received the return of Plaintiff's property in the form of the deposit liabilities claimed for the 2008 and 2009 calendar years.

13. The Plaintiff has never received any notice from Defendant(s) agent (IRS) regarding the tax return for calendar year 2007.

**FIRST CAUSE OF ACTION ("Ex Contracto")**
**THEFT BY DECEPTION; (Fraudulent Concealment and Fraudulent Conveyance):**

14. Plaintiff incorporates by reference as though fully set forth herein, all of the allegations contained in Paragraphs 1 through 13 above.

15. At all relevant times herein, said Defendant(s) agents were acting as individuals and in their official capacity as representatives of the INTERNAL REVENUE SERVICE acting in its capacity as agent for the Defendant(s).

16. On and after April, 2010 the Defendant(s) agent (IRS), acting alone and acting in concert with each other, and acting without just cause, did consciously, knowingly, intentionally and wrongfully cause certain acts and omissions to proceed in such manner as to hinder, delay, and ultimately prevent the distribution of moneys held for the benefit of the Plaintiff.

17. The Defendant(s) agent (IRS), acted in their individual and their official capacities with deliberate or reckless disregard for the Constitutional and other rights of the Plaintiff, or with malicious intent and with the knowledge that their acts and omissions violated and denied the Constitutional and other rights of the Plaintiff, or that their acts would cause said Plaintiff other injuries.

18. The Defendant(s), did unlawfully and wrongfully cause certain acts and omissions to proceed in such manner as to hinder, delay, and ultimately prevent the distribution of moneys held for the

3

benefit of the Plaintiff, even though the Defendant(s) agent (IRS) knew that the Plaintiff had a vested interest and Constitutional right to receive said moneys in a timely, unfettered and unconstrained manner.

19. The Defendant(s) agent (IRS), knew that the Plaintiff had a vested interest and Constitutional right to receive said moneys in a timely, unfettered and unconstrained manner when they committed the acts and omissions set forth above, causing the Plaintiff to be deprived of property without just compensation and without due process of law.

20. The Defendant(s) agent (IRS) did unlawfully and wrongfully deny the Plaintiff the Withholdings claimed on Plaintiff's tax return in the sum of $52,956.50 USD.

**SECOND CAUSE OF ACTION ("Ex Delicto")**
**FRAUD IN THE INDUCEMENT AND FRAUD IN FACT BY DECEIT**

21. Plaintiff incorporates by reference as though fully set forth herein, all of the allegations contained in Paragraphs 1 through 20 above.

22. The Defendant(s) agent (IRS), on multiple occasions, acting without just cause, did consciously, knowingly, intentionally and wrongfully produce false information with the intent that it would cause further injury to the Plaintiff. Even though the tax returns for calendar years 2006, 2007, 2008, 2009 were all submitted at the same time the Defendant(s) agent (IRS) entered different dates as filed dates for each year to wit:
    a. See attached exhibit "D" – dated 3-18-2011;
        i. Calendar year 2006 – 150 Tax return filed 12-27-2010;
        ii. Calendar year 2007 – No Tax Return Filed;
        iii. Calendar year 2008 – No Tax Return Filed;
        iv. Calendar year 2009 – No Tax Return Filed.
    b. See attached exhibit "E" – dated October 24, 2012;
        i. Calendar year 2006 – RET RCVD DT – 05032010;
        ii. Calendar year 2007 – Missing Received Date;
        iii. Calendar year 2008 – RET RCVD DT – 07202011;
        iv. Calendar year 2009 – RET RCVD DT – 07202011;

     v. Calendar year 2010 – RET RCVD DT – 07202011.

23. On March 21, 2013, two Freedom of Information Act requests were submitted on behalf of the Plaintiff seeking information on the PMF (Payment Master File) both OLS and OLD. Even though the Plaintiff received the return of the withholdings (deposit liabilities) from the taxpayer bank. The Defendant(s) agent (IRS) files show NO activity for the Plaintiff to wit:
 a. See attached exhibit "F" – Dated April 3, 2013;
   i. Calendar year 2006:
     1. 150 – RETURN FILED AND TAX ASSESSED – 12-27-2010;
     2. 806 – WITHHOLDING CREDIT 04-15-2007;
     3. 290 – CLAIM DISALLOWED 07-04-2011;
     4. 820 – CREDIT TRANSFERRED 04-15-2007.
   ii. Calendar year 2007;
     1. RETURN NOT PRESENT FOR THIS ACCOUNT
     2. 976 – AMENDED RETURN FILED – 04-20-2010;
     3. 976 – AMENDED RETURN FILED – 04-20-2010.
   iii. Calendar year 2008;
     1. 150 – RETURN FILED AND TAX ASSESSED – 01-02-2012;
     2. 806 – WITHHOLDING CREDIT – 04-15-2009;
     3. REFUND – 01-02-2012.
   iv. Calendar year 2009;
     1. 150 – RETURN FILED AND TAX ASSESSED – 11-14-2011;
     2. 806 – WITHHOLDING CREDIT – 04-15-2010;
     3. REFUND – 11-14-2011.
   v. Calendar year 2010- year Defendant(s) agent (IRS), without authorization, changed the Plaintiff's designation to that of a partnership;
     1. 150 – RETURN FILED AND TAX ASSESSED – 8-29-2011;
     2. 806 – WITHHOLDING CREDIT – 04-15-2011;
     3. 290 – ADDITIONAL TAX ASSESSED 10-10-2011;
     4. 807 – WITHHOLDING CREDIT REVERSED – 10-10-2011;
     5. 290 – ADDITIONAL TAX ASSESSED – 05-14-2012;
     6. 582 – FEDERAL TAX LIEN – 02-22-2013.

      b. See Attached Exhibit "G" – Dated April 3, 2013
   - i. Calendar year 2008;
     1. THERE IS NO ACCOUNT ON THE PAYER MASTER FILE FOR 42-6676616.
   - ii. Calendar year 2009;
     1. THERE IS NO ACCOUNT ON THE PAYER MASTER FILE FOR 42-6676616.
   - iii. Calendar year 2010;
     1. THERE IS NO ACCOUNT ON THE PAYER MASTER FILE FOR 42-6676616.
   - iv. Calendar year 2011;
     1. THERE IS NO ACCOUNT ON THE PAYER MASTER FILE FOR 42-6676616.

      c. See Attached Exhibit "H" – Dated April 15, 2013
   - i. Calendar year 2008;
     1. THERE IS NO ACCOUNT ON THE PAYER MASTER FILE FOR 42-6676616.
   - ii. Calendar year 2009;
     1. THERE IS NO ACCOUNT ON THE PAYER MASTER FILE FOR 42-6676616.
   - iii. Calendar year 2010;
     1. THERE IS NO ACCOUNT ON THE PAYER MASTER FILE FOR 42-6676616.
   - iv. Calendar year 2011;
     1. THERE IS NO ACCOUNT ON THE PAYER MASTER FILE FOR 42-6676616.

24. On March 21, 2013, A Freedom of Information Act request was submitted on behalf of the Plaintiff seeking SUMRY transcript information for calendar years 2006-2011, the ONLY information available was information for the Plaintiff for the calendar year 2010. This information shows that the Defendant(s) agent (IRS), without authorization, changed the designation of the Plaintiff from that of a private irrevocable grantor trust to that of a partnership.

The Defendant(s) agent (IRS) then proceeded to REVERSE the entry of the withholding credits. Yet no notice of disallowance or notice of deficiency was ever issued thus denying the Plaintiff the constitutional opportunity to challenge such events. See attached Exhibit "I"

25. Pursuant to 26 USC 7433(b), Plaintiff is entitled to damages in the amount of $100,000.00 USD in addition to the amount claimed on Plaintiff's tax return.

**THIRD CAUSE OF ACTION ("Ex Delicto")**
**VIOLATIONS OF CONSTITUTIONAL RIGHTS**

26. Plaintiff incorporates by reference as though fully set forth herein, all of the allegations contained in Paragraphs 1 through 25 above.

27. SEE ATTACHED MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S VERIFIED COMPLAINT.

**WHEREFORE,** Plaintiff seeks judgment as follows:

28. For an immediate order for relief in the amount of $152,956.50 USD representing the compensatory damages prayed for in the First and Second Cause of Action set forth above. The actions of the Defendant(s) have caused the Plaintiff severe economic hardship;

29. For a judgment for punitive damages in an amount sufficient to punish and to make examples of these Defendant(s) agents (IRS), and to deter these Defendant(s) agents (IRS) and others from engaging in similar conduct;

30. For an award of fees, expenses and costs of suit incurred herein ($400); and:

31. For such other and further relief as this Court deems just and proper

**General Final Certification:** I, Peter Papoulias, affiant/grantor/beneficiary for PLAINTIFF PETER T PAPOULIAS TRUST, do hereby certify and affirm on my full commercial liability, that I have read the foregoing and know the content thereof, and that, to the best of my knowledge, understanding, and belief, it is true, correct, complete, to the best of my knowledge and belief.

| | |
|---|---|
| Alpharetta city | ) |
| | ) Commercial Oath |
| Georgia state | ) |

_____
Peter Papoulias, affiant, real party of interest and Grantor/Beneficiary for the
PETER T PAPOULIAS TRUST
C/O 4175 BRECKENRIDGE CT
ALPHARETTA, GA, 30005
(404) 704-0898

June 24, 2013

**Notary**

On this date, the 24th of June, 2013, a man appearing in his true character, who identified himself as Peter Papoulias, appeared before me ___Tuyetmai Vo___, a Notary Public residing in the City of Alpharetta, in the State of Georgia, and attested to the truth, correctness, and completeness to the information provided in the "VERIFIED COMPLAINT" and the enclosed exhibits to the best of his knowledge and belief.

___Tuyetmai Vo___          ___July 15, 2016___
Notary Public            My commission expires

Seal/
```
TUYETMAI VO
Notary Public
Fulton County
State of Georgia
My Commission Expires Jul 15, 2016
```

8