PETER T PAPOULIAS TRUST
c/o PETER T PAPOULIAS, TTEE
4175 Breckenridge Court
Alpharetta, Georgia 30005
Tel:404-704-0898
peterpapoulias@hotmail.com

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 16 2013

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| PETER T PAPOULIAS TRUST ) | Case #1:13-CV-02110 |
| Plaintiff, ) | |
| v. ) | |
| UNITED STATES ) | CERTIFICATE OF INTERESTED |
| INTERNAL REVENUE SERVICE ) | PERSONS |
| Defendant(s), ) | |

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

1.  The undersigned certifies that the following is a full and complete list of all parties in this action, including any parent corporation and any publicly held corporation that owns 10% or more of the stock of a party: Plaintiff, PETER T PAPOULIAS TRUST; Defendant(s), UNITES STATES, INTERNAL REVENUE SERVICE.

2.  The undersigned further certifies that the following is a full and complete list of all other persons, associations, firms, partnerships, or corporations having either a financial interest in or other interest which could be substantially affected by the outcome of this particular case: Peter Papoulias Grantor/Beneficiary for Plaintiff and PETER T PAPOULIAS, TTEE

3.  Peter Papoulias[1], grantor/beneficiary and real party of interest[2] for the PETER T PAPOULIAS TRUST. Peter Papoulias is one of the people as contemplated in the Preamble of the U.S. Constitution.

---

[1] "'Sovereignty' means that the decree of sovereign makes law, and foreign courts cannot condemn influences persuading sovereign to make the decree." [Moscow Fire Ins. Co. of Moscow, Russia v. Bank of New York & Trust Co., 294 N.Y.S. 648, 662, 161 Misc. 903.]

[2] Real Party In Interest, RCFC 17(a)

4. PETER T PAPOULIAS TRUST, EIN 42-6676616 is a sole proprietorship. There is no legal distinction between Peter Papoulias (owner) and PETER T PAPOULIAS TRUST (business trust):

5. **Title 26 CFR 301-7701-4** (b) Business trusts. There are other arrangements which are known as trusts because the legal title to property is conveyed to trustees for the benefit of beneficiaries, but which are not classified as trusts for purposes of the Internal Revenue Code because they are not simply arrangements to protect or conserve the property for the beneficiaries. These trusts, which are often known as business or commercial trusts, generally are <u>created by the beneficiaries simply as a device to carry on a profit-making business which normally would have been carried on through business organizations</u> *[Emphasis added]* that are classified as corporations or partnerships under the Internal Revenue Code.

6. However, the fact that the corpus of the trust is not supplied by the beneficiaries is not sufficient reason in itself for classifying the arrangement as an ordinary trust rather than as an association or partnership. The fact that any organization is technically cast in the trust form, by conveying title to property to trustees for the benefit of persons designated as beneficiaries, will not change the real character of the organization if the organization is more properly classified as a business entity under §301.7701–2.

7. **Title 26 CFR 7701-2.** Business entities. For purposes of this section 60 and §301.7701–3, a business entity is any entity recognized for federal tax purposes (including an entity with a single owner that may be disregarded as an entity separate from its owner under §301.7701–3) that is not properly classified as a trust under §301.7701–4 or otherwise subject to special treatment under the Internal Revenue Code. A business entity with two or more members is classified for federal tax purposes as either a corporation or a partnership. <u>A business entity with only one owner</u> is classified as a corporation <u>or is disregarded; if the entity is disregarded, its activities are treated in the same manner as a sole proprietorship,</u> *[Emphasis added]* branch, or division of the owner.

8. A sole proprietorship, also known as a sole trader or simply a proprietorship, <u>is a type of business entity that is owned and run by one individual and in which there is no legal distinction between the owner and the business.</u> *[Emphasis added]*. The owner receives all profits (subject to taxation specific to the business) and has unlimited responsibility for all losses and debts. Every asset of the business is owned by the proprietor and all debts of the business are the proprietor's. This means that the owner has no less liability than if they were acting as an individual instead of as a business. It is a "sole" proprietorship in contrast with partnerships.

9.  Page 11 of the 1041 instructions: "In general, a grantor trust is ignored for income tax purposes and all of the income, deductions, etc. are treated as belonging directly to the grantor. This also applies to any portion of the trust that is treated as a grantor trust."

10. PETER T PAPOULIAS TRUST is a grantor trust recorded within the District of Columbia, 26 C.F.R. 301-7701(a)(4), (a)(2) and is federally regulated by the Department of the Treasury, Internal Revenue under 28 USC 671 – 679. PETER T PAPOULIAS TRUST is also a business trust registered with the United States Security and Exchange Commission. The commission has assigned the Trust with the Central Index Key number 0001491550. Finally, PETER T PAPOULIAS TRUST has been assigned a Financial Industry Number Standard ("FINS") by the Depository Trust and Clearing Corporation ("DTCC"). The legal departments for both the DTCC and THOMPSON REUTERS were notified that JAMES A WILLIAMS TRUST was assigned the FINS number 343699

11. PETER T PAPOULIAS TRUST is a "fiscally transparent entity" as defined on page 13 of the IRS 2010 General Instructions for Certain Information Returns.

12. Peter Papoulias has been continuously and intimately involved in this case at all times. Since there is no legal distinction between Peter Papoulias and the business, Peter Papoulias' interests have been identical to those of PETER T PAPOULIAS TRUST. Peter Papoulias has been injured by the activities of the other parties in this case. In substance, there are no differences among the interests of PETER T PAPOULIAS TRUST and those of Peter Papoulias.

13. Correlatively, Rule 17 (a) of the Federal Rules of Civil Procedure requires that every action shall be prosecuted in the name of the real party of interest. To avoid forfeitures of just claims, revised Rule 17(a) would provide that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed, after the objection has been raised, for ratification, substitution, etc., is added simply in the interests of justice.

14. In its origin the rule concerning the real party in interest was permissive in purpose: it was designed to allow an assignee to sue in his own name. That having been accomplished, the modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata. " *System Fuels, Inc. v. United States, 65 Fed. Cl. 163, 170 (2005) (quoting Virginia Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 84 (4th Cir. 1973)).*

15. Conceptually, [t]he real party in interest is one who has a "real, actual, material or substantial interest in the subject matter of the action." 59 Am. Jur. 2d Parties § 36 [1986]. The general rule that only a party to the contract can enforce the contract has been modified by the real party in interest statutes and rules. 59 Am. Jur. 2d Parties § 28 [1986]. One of the purposes of this modification is to relax the strict common law rules "to enable those who are directly interested but not parties to the contract to maintain an action for its breach." ***Edward Kraemer & Sons, Inc. v. City of Kansas, 874 F. Supp. 332, 335 (D. Kan. 1995); see also First Annapolis Bancorp, Inc. v. United States, 54 Fed. Cl. 529, 542 (2002).***

16. Peter Papoulias is not to be considered a "pro se" litigant since this would mean that Peter Papoulias is appearing "for himself" rather than "as himself". The definition of pro se indicates that you assume two characters, one as the litigant, and two as counsel for the litigant. Therefore the Plaintiff hereby rejects being labeled a "pro se" litigant.

Submitted this 15th day of July, 2013

PETER T PAPOULIAS TRUST

_____

Peter Papoulias, Grantor/Beneficiary for the

PETER T PAPOULIAS TRUST

# CERTIFICATE OF SERVICE

I, Lianne Bateman, am over the age of 21 and competent to state the following:

The service of the Following items regarding Civil Action No. **1:13-CV-2110**:

1. Certificate of Interested Persons.

Item 1 above was sent on July 15, 2013 by way of USPS Priority Mail#**420 30303 9405 5036 9930 0494 0743 33** to the following party at the address listed below.

UNITED STATES DEPARTMENT OF JUSTICE FOR THE NORTHERN DISTRICT OF GEORGIA

Sally Quillian Yates, US District Attorney
Richard B Russell Federal Blvd
75 Spring Street S.W.
Suite 600
Atlanta, Georgia
3003-3309

I certify under penalty of perjury that the foregoing is true, correct and complete.

Executed on July 15, 2013

For the PETER T PAPOULIAS TRUST

By: *[signature]*
Lianne Bateman, agent
Telephone: 678-557-4553
liannebateman@hotmail.com

# CERTIFICATE OF SERVICE

I, Lianne Bateman, am over the age of 21 and competent to state the following:

The service of the Following items regarding Civil Action No. **1:13-CV-2110**:

1.  Certificate of Interested Persons.

Item 1 above was sent on July 15, 2013 by way of USPS Priority Mail#**420 41011 9405 5036 9930 0494 0743 57** to the following party at the address listed below.

INTERNAL REVENUE SERVICE through

Renee Mitchell, Service Center Director
Department of the Treasury, Internal Revenue
201 W. Rivercenter Blvd.
Covington, KY
41011-1424

I certify under penalty of perjury that the foregoing is true, correct and complete.

Executed on July 15, 2013

For the PETER T PAPOULIAS TRUST

By: *Lianne Bateman*
Lianne Bateman, agent
Telephone: 678-557-4553
liannebateman@hotmail.com