IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PETER T PAPOULIAS TRUST, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:13-cv-2110-TWT |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## UNITED STATES' MOTION TO DISMISS

The United States respectfully requests that plaintiff's complaint be dismissed because plaintiff is not authorized to appear without licensed counsel and for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Plaintiff's complaint seeks $152,956.50, plus punitive damages, through three counts, or "causes of action." However, plaintiff, as a trust, is not authorized to appear in Federal District Court unless it is represented by an attorney. Plaintiff also failed to effect service of process as required by the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiff alleges that it is a "District of Columbia business trust" with its principal place of business in Alpharetta, Georgia. [Complaint, ¶ 6] Plaintiff's complaint purports to state three "causes of action." All three counts appear to

relate to plaintiff's income tax liability for 2006. Plaintiff alleges that it filed a Form 1041 income tax return for 2006 on March 30, 2010. [Complaint, ¶ 9] The exhibits attached to plaintiff's complaint indicate that on December 27, 2010, the IRS informed plaintiff that it had received its return but would not issue a refund because of procedural deficiencies.[1] [Complaint, ¶ 10, Exh. B]. Plaintiff claims that $52,956.50 was taken from him through "Theft by Deception," "Fraud in the Inducement and Fraud in Fact by Deceit," and/or "Violations of Constitutional Rights," and seeks various forms of damages under each of these theories. The merits of these claims need not be addressed at this point, however, because plaintiff cannot maintain this action as a *pro se* litigant.

## ARGUMENT

### I.     A trust cannot appear *pro se*.

A trust cannot proceed *pro se* in federal court, but must instead be represented by counsel. 28 U.S.C. § 1654 authorizes parties to "conduct their own cases personally or by counsel." The right to proceed without counsel is a personal right not accorded to artificial entities. It is well-settled that corporations are not authorized to appear in court without being represented by counsel because they

---

[1] The nature of the "withholdings" plaintiff sought is unclear from the complaint. However, plaintiff's memorandum indicates that the "withholdings" in this case arise in connection with a 1099-OID filed by plaintiff. *See* Memorandum, p. 3. This form has been frequently misused by tax defiers to claim false refunds. *See, e.g., United States v. Knupp*, 1:09-cv-2724, 2010 WL 2245551, * 3 (May 14, 2010) ("This fraudulent use of Forms 1099–OID, or fraudulent reporting of nonexistent OID income, is itself based upon the tax defier theory of 'commercial redemption' or 'redemption.'")

are artificial entities. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-2 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."); *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). For the same reason, a trust may not appear *pro se* or be represented by a non-lawyer, but instead must be represented by counsel. *Callaway v. Hornbake*, 2:11-cv-85-FtM-99DNF, 2012 WL 333769, *3 (M.D. Fla. February 1, 2012) ("[A] non-lawyer cannot represent a trust in litigation); *see also United States v. Lena*, 05–80669–CIV, 2007 WL 4578336, at *1 (S.D .Fla. Dec. 27, 2007) ("This court finds no reason to make a distinction between a trust and a corporation for purposes of the right of self-representation under § 1654."). A trustee who is not a licensed attorney is not authorized to represent a trust. *In re Hamblen*, 360 B.R. 362, 365–66 (N.D.Ga.2006) (holding that trusts cannot proceed pro se in federal court)). Therefore, a non-lawyer cannot represent a trust in litigation. Plaintiff is not appearing through a lawyer in this case, which therefore must be dismissed.

## II.     Plaintiff's complaint should be dismissed for insufficient service of process.

Plaintiff has failed to effect service of process on the United States as required by Fed. R. Civ. P. 4(i). Specifically, plaintiff failed to send a copy of the summons and complaint by registered or certified mail to the Attorney General of

the United States at Washington, D.C. as required by Fed. R. Civ. P. 4(i)(1)(B).[2] If plaintiff does not do so before October 22, 2013, the complaint should be dismissed for insufficient service of process.[3] Fed. R. Civ. P. 4(m).

WHEREFORE, the United States respectfully requests that plaintiff's complaint be dismissed.

Dated: August 30, 2013

Respectfully submitted,

KATHRYN KENEALLY
Assistant Attorney General
Tax Division, U.S. Department of Justice

By: _s/Gregory L. Jones_____
GREGORY L. JONES
Oregon State Bar No. 06580
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 305-3254
Fax: (202) 514-9868
Gregory.L.Jones@usdoj.gov

Of counsel:
SALLY QUILLIAN YATES
United States Attorney
Northern District of Georgia

---

[2] The certificate of service filed by plaintiff indicates that the IRS was served in Covington, Kentucky, and the U.S. Attorney for the Northern District of Georgia was served in Atlanta, Georgia. [Docket No. 4]

[3] The United States must make this motion at this time in order to avoid waiving it under Fed. R. Civ. P. 12(h)(1)(A).

## CERTIFICATE OF SERVICE

In accordance with LR 7.1D, I hereby certify that this document was prepared in Times New Roman 14 point type. I further certify that on August 30, 2013, I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>Peter Papoulias
>4175 Breckenridge Court
>Alpharetta, Georgia 30005

>  s/Gregory L. Jones
>GREGORY L. JONES
>Oregon State Bar No. 06580
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 14198
>Ben Franklin Station
>Washington, D.C.  20044
>Telephone: (202) 305-3254
>Fax: (202) 514-9868